KOS ET AL. *v.* STATE EX REL. METZLER

[No. 27,450. Filed January 21, 1941.]

*Hodges, Ridgley & Davis,* of Gary, for appellants.

*E. Miles Norton,* of Crown Point, and *James W. Gammon,* of Indianapolis, for appellee.

FANSLER, J.—The appellee began this action below seeking to mandate the appellants to pay to the appellee, a member of the police force of the City of Gary, the sum of $150 per month as pension for the remainder of his life. There was a trial and special findings of fact and conclusions of law, and judgment for the plaintiff as prayed.

There is no dispute about the facts. The only question presented involves an interpretation of clause 5 of § 48-6403, Burns' 1933, § 11819, Baldwin's 1934.

The relator had served on the Gary police force for twenty-nine years and had been dismissed for cause,

but the dismissal was not based upon conviction for the commission of a felonious act.

In 1925 the Legislature enacted a bill concerning pensions, which, as enrolled, and signed by the Speaker of the House of Representatives and the Lieutenant Governor as President of the Senate, and approved by the Governor, and filed in the office of the Secretary of State, contains clause 5 of section 3 reading as follows:

"5. To the payment of the sum of fifty dollars ($50) per month to any member of such police force who may be dismissed therefrom after having been in actual service for twenty (20) years, and to the payment of five dollars ($5) per month additional for each full year of service in excess of such twenty (20) years' service to any member of such police force who may be dismissed therefrom after having been in active service on such police force for more than twenty (20) years; Provided, however, That no such pension, as in this clause provided, shall be allowed or paid where such dismissal is based upon conviction for commission of a felonious act.

"Provided, however, that the provisions of this act shall not apply, in any way to cities of the second class having a population of not less than eighty-six thousand (86,000) and not more than one hundred thousand (100,000), as shown by the last preceding United States census."

In the official published Acts of 1925 the words "in excess," after the word "service," following the figure "($5)," are omitted, so that the clause as appearing in the published session laws reads as follows:

"5. To the payment of the sum of fifty dollars ($50) per month to any member of such police force who may be dismissed therefrom after having been in actual service for twenty (20) years, and to the payment of

five dollars ($5) per month additional for each full year of service of such twenty (20) years' service to any member of such police force who may be dismissed therefrom after having been in active service on such police force for more than twenty (20) years; *Provided, however,* That no such pension as in this clause provided, shall be allowed or paid where such dismissal is based upon conviction for commission of a felonious act. *Provided, however,* That the provisions of this act shall not apply in any way to cities of the second class having a population of not less than eighty-six thousand (86,000) and not more than one hundred thousand (100,000), as shown by the last preceding United States census." Acts 1925, chapter 51, section 3, page 167, 176.

The act was amended by the Acts of 1927, chapter 84, page 214, by the Acts of 1931, chapter 58, page 139, and by the Acts of 1937, chapter 107, page 496. Each of such amendments involved changes in the lengthy section 3 of which clause 5 is a part, and in each the lengthy provisions of the entire section 3 are repeated. In each enactment clause 5 of section 3 appears exactly as it appears in the published Acts of 1925, and there is nothing to indicate a legislative intention to alter the provisions of this clause as enacted in 1925. When the language of clause 5 as published is carefully examined, in the light of the other provisions of the act and the pension plan therein provided for, doubt arises as to whether the Legislature deliberately used such a superabundance of words to indicate an intention that a policeman who was dismissed after serving twenty years should receive a pension of $150 per month for life; and doubt arises also as to whether it desired that he should receive so much when officers who have been guilty of no mis-

conduct are limited by the act to a pension not exceeding $75 per month. A pension of $50 per month to any member who may be dismissed "after having been in actual service for twenty (20) years," and the payment of $5 per month additional "for each full year of service of such twenty (20) years' service," simply means the payment of $150 per month to any member who is dismissed after having been in service twenty years. Nothing is added for any additional years; then why not the plain statement that there would be paid $150 per month to any member of the force who might be dismissed after having been in actual service for twenty years? In another provision of the act as originally passed there is a provision for pensions for members of the police force who retire after twenty years' service. They are allowed a pension of $50 per month, and an additional $5 per month for each full year of service in excess of twenty years, limited, however, to a maximum of $75 per month. If the act is to be interpreted as the trial court concluded it should be, it must mean that the Legislature intended that a member of the force who had been guilty of no misconduct, but who retired immediately after the expiration of twenty years' service because of bad health, should receive $50 per month for life, but that his brother who had served for an identical period and who was dismissed for insubordination or other misconduct should receive $150 per month for life. This is so inconsistent with ordinary impulses and reactions, such an irrationally constructed pension plan, that it immediately arrests attention and raises serious doubt that the Legislature who enacted it intended any such result. Re-reading clause 5, one is struck with the peculiarity of the language, "and to the payment of five dollars ($5) per month additional for each full year of service

of such twenty (20) years' service to any member of such police force who may be dismissed therefrom after having been in active service on such police force for more than twenty (20) years." Some inadvertence, or mistake, or typographical error is suggested. The enrolled act, with the words "in excess" in the proper place, is clear and intelligible, and the reason for the use of the words, which are so confusing and seemingly unnecessary in the printed act, becomes plain and logical. That the language of the enrolled act controls the construction to be put upon the original enactment is not disputed, but the appellee says that this clause has been re-enacted three times, and that the Legislature has adopted as its own the language of the act as published, and has abandoned the language originally used.

A careful consideration of the language and terms of the entire act, and its legislative history through all of the amendments, and of the objects and purposes to be accomplished, and of sound public policy, which does not permit of rewards for misconduct above those offered for good conduct and faithful service to the public, precludes the conclusion that the Legislature intended to depart from the provision of the clause as originally adopted, and, by deliberately omitting the words, "in excess," substitute a different provision which the literal language of the published act seems to imply. It would be a reproach upon the members of the Legislature to conclude that they had deliberately designed to reward misconduct justifying dismissal above good conduct and faithful service; that they deliberately designed that one who had served for twenty years and was willing to procure himself to be dismissed for misconduct should receive a pension three times as large as his brother, who, in bad health, was unwilling to misconduct himself in order to be dis-

missed, but was required to resign. There are other considerations which forbid the conclusion that the Legislature intended this change. Minimum salaries of police officers in most cities are less than $150 per month. If the statute be construed as contended for, an officer receiving $135 per month for faithful service, and who had served for more than twenty years, could on retirement receive not more than $75 per month, regardless of the length of his service, but by being guilty of acts of insubordination sufficient to procure his dismissal he might immediately be retired for life on a pension of $150 per month—more than he had ever been paid for conscientious and faithful service.

When the legislative intention in the first instance is plain and clear, and consistent with ordinary rational conceptions, and it is established that by typographical error its intention was not correctly reported in the published Acts, and where it is so obvious that there is no room for disagreement among reasonable men that the wording of the re-enactments followed the published act, rather than the original language of the enrolled act, only because of inadvertence or mistake, courts are not required to perpetuate the error and ascribe to the Legislature an intention which it obviously never had. From a consideration of the entire act, its purposes, and its legislative history, we conclude that the clause in the re-enactments was intended to express the identical legislative intention indicated in the original enactment. *State ex rel. Devening* v. *Bartholomew* (1911), 176 Ind. 182, 191, 95 N. E. 417, 420, and cases cited.

The relator served twenty-nine full years. Under the act as we construe it, this would entitle him to a monthly pension of $95.

Judgment reversed, with instructions to enter such a judgment as will procure for the relator the sums to which he is entitled under such a construction of the statute.

Richman, J., not participating.

NOTE.—Reported in 31 N. E. (2d) 50.