In Re WOERNER, ETC. *v.* CITY OF INDIANAPOLIS.

[No. 29,971. Filed September 19, 1961. Rehearing denied November 21, 1961.]

*L. Russell Newgent* and *Albert W. Ewbank,* both of Indianapolis, for appellants.

*Michael B. Reddington,* Corporation Counsel, and *John J. Dillon,* City Attorney, of Indianapolis, for appellee.

ACHOR, J.—This is an appeal from a decree of annexation by which the Town of Woodruff Place in Marion County was ordered annexed to the City of Indianapolis. The factual background of the case is as follows:

In September, 1953, the Common Council of the City of Indianapolis enacted an ordinance purporting to annex to the City of Indianapolis the following described real estate:

> "All that part of the West half of the Northeast quarter of Section 6, Township 16 North, Range 4 East, in Marion County, Indiana, which is presently included within the boundaries of the incorporated Town of Woodruff Place."

The residents of Woodruff Place filed a remonstrance to such annexation under the 1949 Act, which was then in effect. Thereafter the cause lay dormant until after the 1955 Legislature enacted an amendment to the 1949 Act. [Burns' Ann. St. §48-702 (1961 Cum. Supp.)]. The remonstrators then filed their petition for a declaratory judgment and injunction against any further proceedings in the case upon the theory that the enabling statute upon which the ordinance was based had been repealed, and therefore that any further action under the ordinance was invalid. In connection with said proceedings the parties filed a stipulation of facts and agreement that the case should be decided upon the merits. After considering the case as thus submitted, the trial court declared the ordinance invalid and enjoined the City of Indianapolis from further proceedings. The City of Indianapolis then appealed the cause and this

court reversed the judgment of the trial court and ordered the cause be heard upon the merits of the annexation under the procedures of the 1955 Act [Burns' Ann. St. §48-702, *supra*]. *City of Indianapolis* v. *Wynn* (1959), 239 Ind. 567, 159 N. E. 2d 572.

The appellant, August J. Woerner, thereafter petitioned the Superior Court of Marion County, Room 2, to substitute his name as remonstrator for Earl Wynn who had died, which petition was granted.

A change of judge was thereafter granted and Robert G. Robb was selected to try the cause. Thereafter a motion for change of venue from the county was filed by the appellant, which motion was denied. After submission of the cause the court entered a decree of annexation and denied the motion to modify the judgment and the motion for new trial, from which this appeal was taken.

The issues presented by the appellant's assignment of errors are as follows:

1. That the court erred in overruling appellant's motion for new trial.

2. That the court erred in appellant's motion to modify the judgment.

3. That the decision and finding of the court contravenes and is in violation of Art. 1, §1 of the Constitution of Indiana.

4. That the decision and finding of the court contravenes and is in violation of Art. 16, Schedule (Fourth) of the Constitution of Indiana.

5. That the decision and finding of the court contravenes and is in violation of the Fourteenth Amendment to the Constitution of the United States.

Appellant first argues specifications 1 and 2 of the Motion for New Trial. These are related to the court's refusal to grant a change of venue from the county.

The annexation statute, with reference to a change of venue from the county, provides as follows: "The laws touching change of venue from the county shall not apply, but changes of venue from the judge may be had as in other cases. . . ." Burns' Ann. St. §48-702, *supra*. However, appellant contends that §2-1432, Burns' 1950 Repl. (1961 Supp.) is applicable under the circumstances of this case. This section provides for changes of venue from the county on proper application "in every case" where judgments have been reversed in the Supreme or Appellate courts and the case is remanded for new trial. Because of the fact that judgment in the case had been reversed on appeal, appellant contends that he is entitled to change of venue from the county.

We do not so construe the pertinent statutes. The 1947 Amendment to §2-1432, *supra,* is an amendment to a general statute, enlarging the law with reference to changes of venue from the county. Although there may be general laws enacted with regard to a subject matter, such as the right of change of venue from the county, such statutes are not controlling of special statutory proceedings such as annexation when such special statute contains an express provision that "[t]he laws touching change of venue from the county shall not apply, . . ." §48-702, *supra*. In such special statutory proceedings which exclude resort to any other or different procedure, the method provided in the statute must be followed. *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433; *Thorn* v. *Silver* (1909), 174 Ind. 504, 89 N. E. 943.

We conclude that §2-1432, *supra,* has no application to the special statutory proceedings with which we are here concerned. Therefore appellant's contention that the denial of appellant's motion for change of venue from the county constituted reversible error is without merit.

All other substantive issues and arguments presented by appellant's motion for new trial and motion to modify the judgment are related to the fact that the ordinance of annexation, and the notices relative thereto, erroneously described the territory sought to be annexed as being Section 6, Township *16* North, Range 4 East, wheras the Town of Woodruff Place is, in fact, located in Section 6, Township *15* North, Range 4 East. This issue was raised in the objections to the admission of evidence. However, it was also vigorously asserted in the motion to modify the judgment. In said motion appellant strongly objected to the fact that the trial court entered a decree of annexation which specifically and *correctly* described "the boundaries of the incorporated town of Woodruff Place," (which term is used in the ordinance of annexation) although the ordinance, if literally construed, describes the territory which was non-existent.

It is appellant's contention that because of this error in the description of the territory involved, the ordinance of annexation was a nullity from its inception and that being "stillborn" the court had no authority to admit evidence as to the actual boundaries of the Town of Woodruff Place or to alter the description of the territory as described in the ordinance. Appellant argues that such a decree of annexation is contrary to law, for the reason that it purports to annex territory by judicial decree which was not annexed by the ordinance, itself.

Appellant properly asserts that annexation is a legislative and not a judicial function and therefore the court had no authority to decree the annexation of territory to a municipality which had not previously been annexed by ordinance. Therefore, the question with which we are confronted is whether the court could construe the ordinance, as written, to describe the actual boundaries of the Town of Woodruff Place. The law is well settled that the same rules apply to the construction of an ordinance as to a statute. *Zorger* v. *City of Greensburgh* (1877), 60 Ind. 1.

We therefore examine the decisions of this court relied on by appellant, as related to the construction of statutes wherein there is an apparent defect or omission in the enactment, which appears to be the result of a clerical or typographical error and by reason of which the enactment, if literally construed, is inoperative or produces an absurd result.

It is true that in the case of *Taylor* v. *State ex rel* (1907), 168 Ind. 294, 296-297, 80 N. E. 849, this court stated the general rule of law as follows:

"In cases of uncertainty or ambiguity, necessitating a construction of statutes, the primary object is to ascertain and give effect to the legislative intention. But, where the language of enactments is free from ambiguity and uncertainty, courts cannot supply defects or omissions in order to carry out more fully the supposed purpose and intent of the legislatiure. . . ." See also: *Diamond Plate Glass Co.* v. *Tennell* (1899), 22 Ind. App. 132, 52 N. E. 168.

However, the above cases, which correctly enunciate the *general* rule of statutory construction, do not

state the total law on the subject. Although the general rule is now well established that, where the language of enactments is free from ambiguity and uncertainty, "courts cannot supply defects or omissions in order to carry out more fully the supposed purpose and intent of the legislature.", *Taylor* v. *State ex rel., supra,* nevertheless an exception to the above stated general rule has developed during the last century in the reported cases of this court, so that now the exception is as well established as the rule itself. The exception is demonstrated by an analysis of the cases of the last century which have considered this issue.

In *State ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 191, 95 N. E. 417, this court quoted, with approval, from the earlier case of *Clare* v. *State* (1897), 68 Ind. 17, 25, which, in part, is as follows:

"[T]he true rule is, and always has been, as recognized in many decisions of this court, to make the legislative intention in the enactment of the particular statute, the chief guide of the court in its interpretation and construction. If the object, purpose and intention of the legislature, in the enactment of the particular statute, can be fairly ascertained and arrived at, then it is the duty of the court to overlook and *disregard all apparent inaccuracies and mistakes in the mere verbiage or phraseology* of the statute, and, if possible, to give force and effect to the evident reason, spirit and intention of the law. . . ." (Our italics.)

Thereafter, in *State ex rel. 1625 E. Wash. R. Co.* v. *Markey, Judge* (1937), 212 Ind. 59, 65-66, 7 N. E. 2d 989, this court held that where the title and parts of the body of an act providing for a change of judge and a method of selecting a special judge clearly showed a legislative intent that the provisions apply

to both criminal and civil actions, the court would supply the word "civil" in connection with "criminal" in places where it was omitted, for the purpose of making effectual the obvious legislative intent. In that case the court affirmed the following rule:

> " 'Legislative enactments are not more than any other writings to be defeated on account of mistakes, errors or omissions, provided the intention of the legislature can be collected from the whole statute. *Where one word has been erroneously used for another,* or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent.' 25 R. C. L. Sec. 227, p. 978; *Gustavel* v. *State* (1899), 153 Ind. 613, 54 N. E. 123."

In *Kos* v. *State ex rel. Metzler* (1941), 218 Ind. 115, 121, 31 N. E. 2d 50, it was noted that the words "in excess" in a pension bill were omitted. The court in considering the mistake stated:

> "When the legislative intention in the first instance is plain and clear, and consistent with ordinary rational conceptions, and it is established that *by typographical error* its intention was not correctly reported in the published acts, and where it is so obvious that there is no room for disagreement among reasonable men that the wording of the re-enactments followed the published act, rather than the original language of the enrolled act, only because of inadvertence or mistake, courts are not required to perpetrate the error and ascribe to the Legislature an intention which it obviously never had. . . ."

In the recent case of *Town of Homecroft et al.* v. *Macbeth* (1958), 238 Ind. 57, 65, 148 N. E. 2d 563, this court stated:

> "Where it is clear that words have been omitted which are necessary to make the statute

workable and to give it complete sense, such may be read into the act to express the true legislative intent. *State ex rel. 1625 E. Wash. Realty Co.* v. *Markey* (1937), 212 Ind. 59, 7 N. E. 2d 989."

And the court also stated:

"We will construe a statute to prevent an absurdity. *Helms* v. *Am. Security Co.* (1939), 216 Ind. 1, 22 N. E. 2d 822; *State ex rel. Glenn* v. *Smith, Trustee et al.* (1949), 227 Ind. 599, 87 N. E. 2d 813. . . . "

Although in construing the enactment with which we are here presented, we are in no way bound by the decisions of other states. Nevertheless, we note with interest the case of *I., I. & I. R. R. Co.* v. *The People* (1894), 154 Ill. 558, 566, 39 N. E. 133, 135. In that case the legislature of Illinois enlarged the boundaries of the town of Dwight. However, the act inadvertently described part of the land included within the boundaries of the town as being in Section 9 of a particular township and range, which section was 12 miles distant from the town of Dwight. In that case the Illinois Supreme Court affirmed a decree which described the territory obviously intended by the enactment. The court stated:

"[B]y mistake the word and figure 'nine' were inserted instead of 'seven.'

"In the construction of a statute the main consideration is to ascertain and give effect to the intention of the legislature. . . ."

In the light of the above cited cases we now consider the law to be well settled that although the language employed in the enactment may be technically free from uncertainty or ambiguity, in construing the acts of the legislature

courts may provide minor omissions or make minor substitutions in the enactments of the legislature where (1) such action is necessary in order to give vitality to or prevent absolute absurdity in the acts of the legislature; (2) an omission has occurred or a correction is necessary because of a clerical or typographical error; (3) the legislation, as enacted, was obviously not within the comprehension of the legislative body, and (4) the legislative intention, with respect to the enactment, is clear.

With respect to the case before us, in the ordinance under consideration there was a clear and manifest intention on the part of the City Council of the City of Indianapolis to annex the territory "within the boundaries of the incorporated Town of Woodruff Place," in Marion County, Indiana, and it is obvious that there was a clerical or typographical error with respect to the number of the township described therein. The Town of Woodruff Place had boundaries which were legally established and readily ascertainable. Under the circumstances of this case, to ask this court to place a construction upon the ordinance under consideration, which would limit its application to non-existent territory rather than to the territory "presently included within the Town of Woodruff Place," in Marion County, is to ask this court to require a construction of the ordinance, which would be absurd in that such a construction would be obviously and incomprehensibly inconsistent with the manifest intention of the enacting authority. This we will not do, at least we will not do so intentionally!

Next we consider whether the issue above presented may have been waived. In considering this issue, we

are first presented by the fact that a party who intervenes in a case must accept the case as he finds it at the time of his intervention therein. *Boone County Rural E. Mem. Corp.* v. *Public Serv. Com'n* (1959), 239 Ind. 525, 159 N. E. 2d 121; *Abeele* v. *Ruse* (1942), 112 Ind. App. 596, 44 N. E. 2d 235. In the case before us it must be considered that the residents of the Town of Woodruff Place who remonstrated to the annexation ordinance, including the appellant's predecessor in interest, by their complaint or remonstrance, acquiesced to the fact that the ordinance of annexation annexed all the territory "presently included within the boundaries of the incorporated Town of Woodruff Place," in Marion County. Later these remonstrators, who are property owners within the Town of Woodruff Place, stipulated to the fact of the ordinance of annexation and that they were proper persons within the territory sought to be annexed, and that the trial of the case would be presented upon the merits. Thus they had waived any mere technicalities as to the description of the territory being annexed at the time of the intervention of the appellant Woerner. The appellant cannot, at this late date, intervene and for the first time assert issues which are technical in nature, such as typographical or clerical errors in the description of the real estate involved, after such issues have been waived in the proceedings as previously held.

Furthermore, as heretofore stated, one of the grounds asserted by appellant in his motion to modify the judgment is that the court's decree of annexation described "boundaries of the incorporated Town of Woodruff Place" by specific metes and bounds, which description and method of description is dif-

ferent and more specific than that contained in the ordinance of annexation. Appellant asserts that this action by the trial court constitutes judicial legislation and is therefore contrary to law.

If the decree *correctly* described the territory, although in language different from the ordinance, appellant is not harmed thereby under our ruling, with respect to the validity of the ordinance. Furthermore, if the territory annexed was described in the ordinance sufficiently to conform to the requirements of notice, and it is so described that it can be identified from intrinsic records by one skilled in such matters, the description may be considered sufficient for the purpose of the particular proceedings. However, it is always proper and desirable that the court, in entering a decree which effects the transfer of real estate, describe the territory involved with the greatest possible clarity and certainty, even though a more complete description requires language different than that used in the complaint or enactment by which the proceeding was instituted. See *Hagemann* v. *City of Mount Vernon* (1958), 238 Ind. 613, 154 N. E. 2d 33. Appellant's argument upon this issue is therefore without merit.

Finally we consider the question as to whether or not, as contended by appellant, the annexation of the Town of Woodruff Place violated the constitutional rights of the residents thereof by depriving them of their property rights within the Town of Woodruff Place, contrary to the constitutional provisions hereinbefore cited. There is no merit to this contention. Subordinate divisions of the government are but parts of the state government as a whole. The state, by its legislature, may abolish, consolidate, combine, eliminate, or create new gov-

ernmental corporations, or authorize such alterations to govern those who live in a given area. There is no constitutional guarantee for the continued existence of a governmental subdivision of the state. They are all creatures of the legislature. 62 C. J. S. Municipal Corporations §47 (1949). Rhyne, Municipal Law §2-26 (1957).

For the reasons hereinbefore stated, judgment is affirmed.

Landis, C. J., Arterburn and Bobbitt, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 177 N. E. 2d 34