No. 22005.

CLYDE B. ROGERS, BETTY J. ROGERS, JOHN L. LEMSTER,
AND AS A CLASS, ALL PERSONS SIMILARLY SITUATED, AND
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF ARAPAHOE *v.* THE CITY AND COUNTY OF DENVER, A
MUNICIPAL CORPORATION, AND THE CHERRY CREEK SCHOOL
DISTRICT No. 5 IN THE COUNTY OF ARAPAHOE AND STATE
OF COLORADO.
(419 P.2d 648)

Decided October 31, 1966.     Rehearing denied November 21, 1966.

HARRY L. ARKIN, for plaintiffs in error.

MAX P. ZALL, City Attorney, THOMAS G. ROCHE, Assistant, for defendant in error City and County of Denver.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS writ of error concerns the annexation by the City and County of Denver of certain land situate in the County of Arapahoe.

C.R.S. 1963, 139-10-8, which was repealed by the General Assembly in 1965, provided, in part, as follows:

*"Landowner defined.* — For the purposes of this article 'landowners,' as used in section 139-10-3, shall mean owners in fee of real property in the territory proposed to be annexed who have in the next preceding calendar year become liable for a property tax thereon; . . ."

In the instant case, pursuant to C.R.S. 1963, 139-10-3, the petition seeking annexation was filed on December 31, 1964, with the city council of the City and County of Denver. Rogers, and others similarly situated, thereafter signed a counterpetition. However, this counterpetition failed to force an election, as provided for by C.R.S. 1963, 139-10-4, because of the inability of the opponents to this annexation to obtain the required number of signatures. This was so because the signatures of Rogers, and certain others who were similarly situated, were rejected by the city council of the City and County of Denver. These particular signatures were rejected because though these signers as of December 31, 1964, resided in the area sought to be annexed, all had apparently purchased their property during the calendar year of 1964 and therefore were not liable for, nor had they paid, any property tax for 1963, which was the year "next preceding" the year in which the petition was filed.

It was in this circumstance, then, that Rogers, for himself and others similarly situated, and the Board of County Commissioners for Arapahoe County brought an action against the City and County of Denver, challenging the annexation on the sole grounds that the aforementioned statutory definition of "landowners" is unconstitutional in that it is said to violate both the state and federal constitutions. Rogers claims the statutory definition is "unreasonably arbitrary" and constitutes "discriminatory classification." Also, this definition is said to be at odds with the due process and equal protection clauses of the United States Constitution.

Trial of this matter was to the court upon an agreed statement of facts, and it culminated in a determination by the trial court that the annexation should *not* be voided and on the contrary that the complaint should be dismissed. Rogers now seeks a reversal of the judgment of dismissal thus entered by the trial court.

█ The general rule is that, in the absence of express constitutional provisions to the contrary, the power of a state legislature over the boundaries of the municipalities of the state is plenary. In this vein, 37 Am. Jur. at page 648 reads as follows:

*"Consent of Inhabitants.* — It is well settled that the legislature may not only originally fix the boundaries or limits of a municipal corporation, but, subject to constitutional restriction, may subsequently annex, or authorize the annexation of, contiguous or other territory without the consent or even against the remonstrance of persons residing therein. The legislature may, however, and usually does, provide for such consent as a condition of annexation. *Inasmuch as the legislature may provide for the annexation of territory to municipal corporations without the consent of the inhabitants of the annexed territory, the inhabitants cannot complain of any limitations upon their ability to express their disapproval if the legislature sees fit to make the statute conditional upon its acceptance by the affected territory.*

Thus, if the annexation of a small municipal corporation to a large one is made conditional upon its acceptance by a majority of the voters of the two municipal corporations taken together, the citizens of the smaller one cannot complain, although their vote is overpowered by that of the larger one; nor is it any ground for objection that the right to vote upon the acceptance of the act is limited to the taxpaying electors of the territory which it is sought to annex, or, still less, that it is left to those possessing the suffrage at general elections, so that owners of taxable property in the annexed district having no right to vote, such as nonresidents and corporations, have no voice in the matter. . . ." (Emphasis supplied.)

See, also, in the same general regard, Rhyne, *Municipal Law,* where at page 37 it is said that, absent constitutional restrictions, the several state legislatures enjoy "unlimited powers" over the annexation of territory by municipalities and may place "any requirement or condition thereon."

Colorado would appear to be in accord with the aforementioned general rule. See *Mayor v. Shattuck,* 19 Colo. 104, 34 Pac. 947. In that case this court recognized that "in general" the legislature has plenary power in respect to municipal corporations and accordingly upheld a statute limiting and restricting annexation elections to "taxpaying electors," as opposed to electors who paid no real property tax. In thus holding, we said that in the absence of a specific constitutional provision to the contrary, the legislature may choose any "appropriate agency whereby to change, modify or disincorporate municipal corporations."

■ Application of the foregoing principles to the facts stipulated to in the instant case leads us to the definite conclusion that the trial court acted quite properly in its disposition of the controversy.

The judgment is therefore affirmed.

Mr. Justice Day not participating.