WILLIDEAN FORKS, ET AL. *v.* CITY OF WARSAW.

[No. 171S11. Filed October 19, 1971. Rehearing denied December 15, 1971.]

*George M. Bowser,* of Warsaw, for appellants.

*Herbert H. Bent, Rockhill, Vanderveer, Kennedy and Pinnick,* of Warsaw, for appellee.

GIVAN, J.—This is an appeal from a judgment sustaining a motion to dismiss appellants' second amended and supplemental complaint to set aside and vacate Ordinance No. 535 of the City of Warsaw, Indiana. The ordinance purported to annex certain territory to the City of Warsaw. The appellants do not own real estate located within the territory sought to be annexed. They do, however own "mobile homes * * * and are owners of other tangible and intangible personal property in the territory * * *." The prayer of appellants' complaint asked that Burns Ind. Stat., 1963 Repl., §§ 48-701—702 be declared in violation of Article 1, § 23 of the Constitution of Indiana and the Fourteenth amendment to the Constitution of the United States in that the statute provides for remonstrance by owners of real estate only, thus denying equal protection of the laws to other residents of the affected territory. Appellants thus contend that Ordinance No. 535 of the City of Warsaw enacted under authority of an unconstitutional statute is, therefore, void. Appellee's motion to dismiss was filed under the Rules of this Court, TR 12(B) (6) upon the contention that the complaint failed to state a claim upon which relief could be granted. This Court has jurisdiction of this case under Burns Ind. Stat., 1968 Repl., § 4-214 which statute provides for cases questioning the constitutionality of a statute or an ordinance of a municipal corporation to be appealed directly to this Court.

Appellants first claim the trial court erred in sustaining the motion to dismiss claiming that if a case is well pleaded, judgment should be made on the basis of facts presented. However, in the case at bar there is no contest of the facts. The facts are completely presented by

appellants' complaint and the exhibits attached thereto. These facts are quite simple as above set out and are not contested by the appellee. Therefore, under paragraph 8 of TR 12 the trial court was justified in rendering judgment upon the pleadings in response to appellee's motion to dismiss. Prior to the adoption of Rule 12, the law had been that if it appears to a certainty that no relief can be granted under any set of facts which can be proved in support of the allegations in a complaint, then dismissal is proper. *Conley* v. *Gibson* (1957), 355 U. S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80. In the case at bar the appellants have stated they resided in the territory sought to be annexed; that they do not own real estate in that territory and, therefore, cannot file a remonstrance under the statute, thus the statute is unconstitutional in denying them equal protection of the law. The motion to dismiss admits these facts. 23 I. L. E., *Pleading and Pretrial Practice*, § 103, page 265. The only issue, therefore, before the trial court was the determination as to whether or not the statute was constitutional in view of the existing factual situation. We hold the trial court did not err in summarily disposing of the case upon the pleadings.

We thus come to the question as to whether or not the statute here challenged is unconstitutional as claimed by the appellants. The legislature has the power to authorize the extension of the boundaries of a municipal corporation. The individual property owner does not have a vested interest in the maintenance of those boundaries at any particular location. *Woerner, etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34. The General Assembly of Indiana has chosen to give a statutory right of remonstrance to owners of land located within territory sought to be annexed by a municipal corporation as provided in the statute here challenged. Prior to the passage of the above statute this Court had held that territory may be annexed with or without the consent of the inhabitants therein. *Taggart, Auditor et al.* v. *Claypool* (1896), 145 Ind. 590, 44 N. E. 18.

The question is then, did the legislature by giving the right of remonstrance to some of the inhabitants within the territory deny equal protection to those residents who were not given the right of remonstrance? It is well established that the equal protection clause does not prevent reasonable classification. *Morey* v. *Doud* (1957), 354 U. S. 457, 77 S. Ct. 1344, 1 L. Ed. 2d 1485; *McErlain* v. *Taylor* (1934), 207 Ind. 240, 192 N. E. 260. In order to be reasonable the classification must not be arbitrary or capricious, and it must bear a reasonable relation to the object of the legislation. *Morey* v. *Doud, supra, Bolivar Twp. Bd. of Finance* v. *Hawkins* (1934), 207 Ind. 171, 191 N. E. 158. There can be no question but that an annexation affects all persons residing within the territory. However, there are substantial differences which warrant the legislative classification in the statute in question. Inhabitants who do not own land are more likely to be temporary residents, whereas landowners have a greater tendency to be permanent residents. The landowner has an investment in property which he cannot remove from the territory. His only escape is to dispose of his real estate; whereas, the person who does not own land, but like the appellants owns only personal property, need only remove his person and property from the territory. We hold that the legislature adopted a reasonable classification in providing for remonstrance by those persons who owned real estate within the territory. The substantial nature of their interest and the immovability of the real estate justifies the classification.

This general principle of law was recognized by the Colorado Supreme Court in *Rogers* v. *City and County of Denver* (1966), 161 Colo. 72, 419 P. 2d 648. This case had a factual background stronger than that presented by the appellants in this case. In the Colorado case the appellant landowners had signed a petition to avoid annexation; however, a number of those signing were rejected by the City Council for the reason that they had purchased their land in the year 1964, and were, therefore, not liable for any property tax in the year of 1963,

which was the year next preceding the year in which the petition was filed. The statute in question defined a landowner as an owner in fee who in the next preceding calendar year becomes liable for a property tax thereon. The Colorado Supreme Court held that the provisions of the statute cannot violate the appellants' right to equal protection and in so doing quoted from 37 Am. Jur. at page 648 as follows:

> *"'Consent of Inhabitants.*—It is well settled that the legislature may . . . authorize the annexation of, contiguous or other territory without the consent or even against the remonstrance of persons residing therein. The legislature may, however, and usually does, provide for such consent as a condition of annexation. *Inasmuch as the legislature may provide for the annexation of territory to municipal corporations without the consent of the inhabitants of the annexed territory, the inhabitants cannot complain of any limitations upon their ability to express their disapproval if the legislature sees fit to make the statute conditional upon its acceptance by the affected territory.'"* 161 Colo. at p. 74.

The Colorado Court went on to say:

> ". . . [I]t is said that, absent constitutional restrictions, the several state legislatures enjoy 'unlimited powers' over the annexation of territory by municipalities and may place 'any requirement or condition thereon.'" 161 Colo. at p. 75.

Appellants next contend that the remonstrance provided for in the statute is an election for a special purpose and as such denies the appellants, who are registered voters, equal protection of the law. With this we cannot agree. A remonstrance is not an election in any sense of the word. Appellants quote from 25 Am. Jur. 2d, *Elections,* § 1, page 691, as follows:

> "An election may be broadly defined as the expression of a choice by the voters of a body politic, or as the means by which a choice is made by the electors. In a more restricted sense, an election is a choosing or selection, by those having a right to participate, of persons to fill public offices or of public measures which shall be adopted or rejected."

Burns Ind. Stat., 1970 Supp., § 29-2802 defines election as follows:

" 'Election.' The word 'elections' ['election'] shall mean and include any election at which the electors of the state or of any sub-division thereof nominate or choose by ballot public officials or decide any public question lawfully submitted to them."

The definitions above quoted are broad enough to cover both the choice of individuals to hold public office and the submission of a public question for referendum. The Indiana Legislature might well have provided for a referendum on questions of annexation; however, this they did not choose to do. In a referendum, the question is submitted to the entire voting public for a choice. The purpose of a remonstrance is to afford the opportunity to any person seeking to object to the proposed action of a body politic by taking the affirmative step to register their objection. We, therefore, hold that the right to remonstrate as provided by the statute in question is not an election to the extent that all voters in the community must be afforded the opportunity to participate. We find no error on the part of the trial court.

The trial court is, therefore, affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

## CONCURRING OPINION

DeBRULER, J.—If appellants had objected to the summary procedure adopted by the trial court, either in the trial court or in their brief on appeal, I would vote to remand this case to the trial court for a full trial. In every case dealing with a constitutional claim, an unrestricted opportunity should be afforded the litigants to completely present the facts necessary to support their claims. However, in my view of the record and briefs in this case, appellants have never contended that

the trial court committed error in making a summary disposition of their constitutional claim. Thus, because of the posture of this case, I would concur in the result of the majority opinion wherein it holds that the trial court did not commit error in this case by following a summary type procedure.

An extraordinary burden rested on appellants to establish by proof that this classification is arbitrary and unreasonable. That burden was described in *Borden's Farm Products* v. *Baldwin* (1934), 293 U. S. 194, 55 S. Ct. 187, 79 L. Ed. 281, as follows:

> "Respondents invoke the presumption which attaches to legislative action. But that is a presumption of fact, of the existence of factual conditions supporting the legislation. As such it is a rebuttable presumption [cases cited]. It is not a conclusive presumption, or a rule of law which makes legislative action invulnerable to constitutional assault. Nor is such an immunity achieved by treating any fanciful conjecture as enough to repel attack. When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge of other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. [cases cited]" 293 U. S. at 209.

Appellants plead in their complaint that they are permanent residents and registered voters of the territory sought to be annexed and that they own personal property located in the territory of substantial value. They also plead that their stake in the proposed annexation is equal to that of owners of real estate in the territory and that they have an equal interest in taxation, schools, roads, storm or sanitary sewers, water, electricity, fire and police protection, sidewalks and curbs, garbage collection and recreational programs. I would affirm the trial court judgment on the grounds that these allegations in the complaint are too general and unsupported to satisfy

appellants' extraordinary burden of establishing that this classification was arbitrary and unreasonable.

NOTE.—Reported in 273 N. E. 2d 856.