**STATE of Indiana ex rel. BENTON AREA SCHOOL DISTRICT, Burrough of Benton, Pennsylvania, Relators,**

v.

**The VANDERBURGH SUPERIOR COURT PROBATE DIVISION, and the Honorable Robert W. Lensing, Regular Judge Thereof, Respondents.**

**STATE of Indiana ex rel. Donald E. BAGGETT, Relator,**

v.

**The VANDERBURGH SUPERIOR COURT, PROBATE DIVISION, and the Honorable Robert W. Lensing, Regular Judge Thereof, Respondents.**

**No. 82S00–8710–OR–1017.**

Supreme Court of Indiana.

Jan. 6, 1988.

Theodore O. Lockyear, Evansville, for Benton Area School Dist.

John D. Clouse, Evansville, for Donald E. Baggett.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for respondents.

GIVAN, Justice.

Relators brought this original action asking this Court to mandate the respondent court to grant a change of venue from the judge in the proceeding below entitled:

"In The Matter of the Estate of Joseph F. Derr, Deceased

Vanderburgh Superior Court

Probate Division

Cause No. A.D. 82D07–8706–ES–292."

Oral argument was heard in this Court on this petition on October 28, 1987, at which time the Court advised the relators that the

petition for the writ would be denied. Whereupon the relators formally filed their petition requesting this Court to issue a formal opinion thereon.

On June 2, 1987, the Attorney General filed a petition for probate of the will of Joseph F. Derr, a judicial determination of his death, and the appointment of a personal representative. This was done pursuant to Ind. Code § 32–9–1–39 (1987 Supp.).

The facts leading to this petition are that Joseph F. Derr, while a resident of Evansville, Vanderburgh County, Indiana, disappeared more than seven years ago while vacationing in Acapulco, Mexico, and has not been heard from since. After seven years had elapsed, the property of Mr. Derr, held by the Citizens National Bank of Evansville, was transferred to the State of Indiana under the provisions of the Uniform Disposition of Unclaimed Property Act. Ind.Code § 32–9–1–1 *et seq*. Thereafter, the Attorney General filed his petition as above stated.

On June 2, the same day the petition was filed, the trial court set the matter for hearing to commence at 8:00 a.m., on the 29th day of July 1987. Both personal notice to interested parties and notice by publication was made. On the 29th of July 1987, a hearing was held on the petition and, among other things, the trial court ordered that an investigation be conducted to ascertain whether or not Joseph F. Derr was in fact deceased.

On August 24, 1987, the relator, Benton Area School District, filed its petition to intervene in the cause. On August 28, 1987, the relator, Donald E. Baggett, filed his petition to intervene. On September 3, 1987, Burrough of Benton, Pennsylvania, filed a petition to intervene.

On September 10, 1987, all relators filed their motion for change of judge, which is the subject of this writ. Indiana Rules of Trial Procedure, Rule 76(3) and (4) reads as follows:

"Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county.

Provided further, in those cases of claims in probate and receivership proceedings and remonstrances and similar matters, the parties thereto shall have thirty [30] days from the date the same is placed and entered on the issue and trial docket of the court."

In ruling upon relators' motions for change of judge, the trial court correctly observed that probate matters of this nature do not require a responsive pleading and thus a change of judge must be filed within thirty [30] days from the date the matter is placed on the issue docket of the trial court. The court also correctly observed that interested parties had been notified that the issues would be so closed on the 29th day of July 1987. Thus, the thirty [30] day period for the filing of an automatic change of judge expired on the 28th day of August 1987. The trial judge also correctly observed that a person petitioning to intervene in a cause takes the cause as he finds it. *In re Woerner v. City of Indianapolis* (1961), 242 Ind. 253, 177 N.E.2d 34; *L.S. Ayres and Company, et al. v. IPALCO, et al.* (1977), 169 Ind.App. 652, 351 N.E.2d 814.

The trial court was correct in denying relators' motions for change of judge.

We reaffirm our decision previously announced to the parties that their petition for a writ of mandamus against the respondent court is denied.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.