JEFFERSON CENTER METROPOLITAN DISTRICT NO. 1, a quasi-municipal corporation, Donald K. Gums, Wayne E. Gums, Wayne W. Harkness, Esther Harkness, Kenneth W. Hotchkiss, Joy R. Hotchkiss, Charles Church McKay, Perry S. McKay, and Ralston Development Corporation, a Colorado corporation, Plaintiffs–Appellants,

v.

NORTH JEFFCO METROPOLITAN RECREATION AND PARK DISTRICT, a quasi-municipal corporation, Defendant–Appellee.

No. 92CA0022.

Colorado Court of Appeals, Div. III.

Dec. 17, 1992.

Robinson & Scheurer, P.C., Peter J. Gowen, Lakewood, for plaintiffs-appellants.

Lutz and Oliver, Harold D. Lutz, Arvada, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiffs consist of a metropolitan service district (Jefferson), organized in 1989 pursuant to § 32–1–301, C.R.S. (1992 Cum. Supp.), together with individual landowners who own land (the property) within that district, which is subject to that district's tax levy. They appeal from a decree of the district court which dismissed their complaint for declaratory judgment and which granted the request by defendant, North Jeffco Metropolitan Recreation and Park District (North Jeffco), a metropolitan park and recreation district organized in 1957 pursuant to a statute that has since been repealed, to include the property within that district and to subject the property to that district's tax levy, as well.

Plaintiffs' appeal requires us to consider whether the provisions of § 32–1–307(2), C.R.S. (1992 Cum.Supp.), respecting the inclusion of land previously excluded from a metropolitan park and recreation district, were intended to be applied to property excluded from such districts prior to that statute's adoption. We conclude that it was intended to be so applied and, therefore, affirm the judgment of the district court.

When North Jeffco was organized in 1957, its creation was governed by Colo. Sess.Laws 1955, ch. 199 at 563, et seq. This statute, later codified as C.R.S. 1963, 89–12–1, et seq., governed only the organization of metropolitan park and recreation districts. It required that a petition be filed with the district court, which was to determine the sufficiency of its allegations and the sufficiency of the number of the taxpaying electors signing it. If it was sufficient in these respects, the question of the creation of district was submitted to an election of the taxpaying electors.

One section of this statute, Colo.Sess. Laws 1955, § 8 at 567–568, provided for the exclusion of certain classes of property from the proposed district, unless the owners of that realty consented to its inclusion. Thus, this statute authorized the exclusion of:

> any tract of farm or ranch land of forty acres or more used primarily for agricultural purposes. . . .

At the time of North Jeffco's creation in 1957, the supervising district court entered its decree, excluding the property from that district because of the agricultural use of that property, pursuant to this statute.

In 1961, this exclusionary statute was amended. See Colo.Sess.Laws 1961 at 530 (later codified as § 32–1–108(2), C.R.S.). This amendment provided for the inclusion within a park and recreation district of land that had previously been excluded, if its use changed from agricultural to another use.

However, this record would not support the conclusion, and North Jeffco does not contend, that the use of the property changed from its prior agricultural use at any time during the effective term of this statute. Hence, there is no contention that

the property became eligible for inclusion within North Jeffco under its provisions.

In 1981, the General Assembly undertook a significant revision of the laws that governed the creation of substantially all special districts in Colorado. Colo.Sess.Laws 1981, ch. 382 at 1542–1628 (now codified as §§ 32–1–101 through 32–1–1605, C.R.S. (1992 Cum.Supp.)). In doing so, it repealed a number of previous statutes, including the statute pursuant to which North Jeffco was created and the property was excluded. Colo.Sess.Laws 1981, § 42 at 1628.

The present statutory counterpart to the 1961 inclusionary statute, § 32–1–307(2), C.R.S. (1992 Cum.Supp.), applies only to park and recreation districts. It reads as follows:

> If the *use* or *zoning* of any tract of land of forty acres or more *lying within the boundaries of any park and recreation district organized under the provisions of this part 3* has been or is changed from agricultural use or zoning to any other use or zoning designation, such lands and the personal property thereon shall no longer be excluded from said district and shall be subject to all obligations, liens, or charges of such district on and after January 1 of the year following such change in use or zoning. (emphasis supplied)

When the General Assembly in 1961 first provided for the later inclusion within a park and recreation district of land that had previously been excluded, the terms of the statute adopted by it specifically provided that it was to be applied to any district "created heretofore." Colo.Sess. Laws 1961 at 530. In contrast, § 32–1–307(2) is presently limited in its application to those districts "organized under the provisions of this part 3." Nevertheless, § 32–1–308(1), C.R.S. (1992 Cum.Supp.) makes all of the provisions of article 3 applicable "to all special districts existing on June 30, 1981, or organized thereafter...."

Further, one of the purposes of the new statute is to prevent the duplication of the functions and facilities of special districts and the increased costs resulting from such duplication. Sections 32–1–102(3) and 32–1–102(4), C.R.S. (1992 Cum.Supp.). One of the means chosen by the General Assembly to accomplish this purpose is to prevent the organization of a special district that will render the same services within the boundaries of an existing special district. Section 32–1–107(2), C.R.S. (1992 Cum.Supp.).

Jefferson was organized pursuant to the present statute in 1989 as a multi-purpose metropolitan district; the provision of recreation services is one of its purposes. When it was established, the property was included within that district.

While this record contains no evidence upon the subject, the parties agree that, in 1988, after Jefferson's organization and the property's inclusion within that district, it was rezoned for other than agricultural uses. North Jeffco thereafter sought its inclusion within that district as well.

In considering the foregoing history, the trial court concluded that the present statute was intended to apply to lands, such as the property, which were excluded from a park and recreation district pursuant to the terms of previous statutes, if such lands were rezoned for non-agricultural purposes after the adoption of that statute. It also concluded that the reinclusion of the property within North Jeffco here would not violate § 32–1–107(2), which restricts the organization of a district so as to include property within two districts providing the same services, and that the remedy available to the landowners to avoid paying taxes to both districts would be to exclude their lands from Jefferson or to deduct from the taxes payable to that district "any taxes related to recreation purposes which would be paid to [Jefferson] but will now be paid to [North Jeffco]."

I.

The landowners first argue that they possess vested rights not to have the property included within North Jeffco as a result of the original 1957 decree of exclusion, which rights cannot be impaired by later legislation. They also argue that, if the present statute is applied to accomplish

such inclusion, it would constitute an improper retrospective application. We disagree.

■ A landowner can never become "vested" with a "right" to have his or her property remain outside a local political subdivision of this state. On the contrary, subject to possible equal protection or procedural due process objections, none of which are asserted here, the state's power over the boundaries of such subdivisions is plenary. *Rogers v. Denver*, 161 Colo. 72, 419 P.2d 648 (1966). *See also Adams v. Colorado Springs*, 178 Colo. 241, 244, 496 P.2d 1005, 1007 (1972) ("[T]he legislature may give to municipalities the power to annex upon any condition it chooses to impose.").

■ Hence, the fact that the General Assembly previously chose to allow the property to remain outside North Jeffco does not prohibit that body, at a later time, from choosing to have it included.

■ Further, the constitutional prohibition against retrospective legislation to be found in Colo. Const. art. II, § 11, applies only to acts impairing vested rights "in respect to transactions or considerations already past." *In re Application of Qualls, Inc. v. Berryman*, 789 P.2d 1095, 1099 (Colo.1990). *See also Sanchez v. State*, 667 P.2d 779 (Colo.App.1983) (statute requiring mandatory revocation of driver's license upon second conviction validly applied although first conviction preceded adoption of statute).

■ The present statute makes a rezoning of agricultural land the operative occurrence which gives rise to a district's right to have previously excluded land included within that district. Here, such condition occurred in 1988, some seven years after the adoption of the 1981 statute. Such occurrence was, therefore, not a transaction or consideration "already past" within the purview of the constitutional restriction.

Hence, there is no constitutional prohibition against applying the present statute to the landowners' property.

Plaintiffs argue, nevertheless, that, because § 32–1–307(2) specifically refers only to a "district organized under the provisions of this part 3," its provisions were not intended to apply to districts created before the adoption of the present statute. We disagree.

Sections 32–1–301 through 32–1–307, C.R.S. (1992 Cum.Supp.) provide the procedures for the creation of various special districts pursuant to its terms. It is not surprising, therefore, that § 32–1–307(2) refers to a district created by the terms of the new statute.

However, § 32–1–308 makes all of the foregoing provisions applicable "to all special districts existing on June 30, 1981." This provision has the effect, then, of requiring § 32–1–307(2) to be applied to all districts in existence at the time of its adoption. This includes North Jeffco.

While this issue was not directly addressed in its opinion, nevertheless, we note that in *Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District*, 706 P.2d 1279 (Colo.1985), the supreme court applied the inclusion provisions of § 32–1–307(2) to a district created before that statute's adoption.

Finally, the landowners argue that § 32–1–307(2) cannot apply to the property because, when the property was excluded in 1957, it thereafter no longer existed within the boundaries of North Jeffco, while § 32–1–307(2), by its specific terms, applies only to lands "lying within the boundaries of any park and recreation district."

We assume, arguendo, that, when the property was "excluded" in 1957, it was no longer within the "boundaries" of that district for any purpose. Nevertheless, the statute's purpose is to include land which was included within the original description of the district in the petition for its creation, but was later excluded by court order pursuant to § 32–1–307(1) or its earlier counterparts. Therefore, to suggest that its terms can apply only to lands *already* included within the district, and cannot apply to lands that were previously *excluded*, would be to create a statutory Catch–22.

We cannot interpret the statutory phrase so as to render the statute absurd, if another reasonable construction can be adopted. *Pomponio v. Westminster*, 178 Colo. 80, 496 P.2d 999 (1972).

 In reviewing the pertinent phrase in this light, we conclude that it was intended to speak as of the date that the original petition for creation of the district was filed, not as of the date that the excluded land was rezoned. Thus, we hold that, if the description of the original district included the lands that were later excluded from the district by court order, those lands will be considered to lie "within the boundaries" of the district for purposes of § 32–1–307(2). And, because the property here meets this condition, the trial court properly applied that statute to it.

## II.

Plaintiffs also argue that trial court's judgment violates § 32–1–107(2), C.R.S. (1992 Cum.Supp.), which prohibits the organization of one district within the boundaries of another. We disagree.

Section 32–1–107(2) does not purport to restrict the authority of a park and recreation district to seek inclusion of rezoned agricultural land under § 32–1–307(2). Rather, it prohibits the creation of a *new* district within an overlapping geographical area being served by an existing district rendering similar services. That statute, therefore, does not prohibit the property's inclusion within North Jeffco under § 32–1–307(2).

Further, because no one has questioned the propriety of the trial court's conclusions with respect to the nature of the relief to which the landowners may be entitled as a result of the inclusion of the property within the two special districts, we have not considered any issue respecting that subject.

Judgment affirmed.

ROTHENBERG and BRIGGS, JJ., concur.