**CITY OF MUNCIE, Appellant–Defendant,**

v.

**James W. LOWE, D. Bruce Ring, John J. Letter, Stephen F. Murray, Michael M. Loffer, et al., and Charles Fritz, Deborah Collins, Suzanne Emerson, Walter Baker, et al, Appellees–Plaintiffs.**

**No. 18A02–9710–CV–719.**

Court of Appeals of Indiana.

Feb. 10, 1999.

---

Alan K. Wilson, Muncie, Indiana, Joseph P. Hunter, Quirk & Rivers, Muncie, Indiana, for Appellant.

John H. Brooke, Casey D. Cloyd, Brooke & Cloyd, Muncie, Indiana, for Appellees.

## OPINION

STATON, Judge.

This consolidated appeal arises from the City of Muncie's (the "City") attempt to annex two areas of land adjacent to the City. Property owners (the "Remonstrators") from each of the annexed areas filed remonstrance petitions, which the trial court granted. The City raises two issues on appeal, which we restate as:

I.  Whether the trial court erred by granting the remonstrance petitions based upon the City's failure to assign the annexed territory to councilmanic districts.

II. Whether the Remonstrators have standing to challenge the City's failure to assign the annexed territory to councilmanic districts.

We affirm.

The City's common council adopted two ordinances purporting to annex two areas of land adjacent to the City. Neither of the ordinances assigned the annexed territory to a municipal legislative body district ("councilmanic district"). The Remonstrators filed remonstrance petitions requesting that the trial court deny the annexations based, in part, upon the ordinances' failure to assign the annexed territory to councilmanic districts. Following a consolidated trial, the trial court granted the remonstrance petitions and denied the annexations. The City filed a motion to correct error, which the trial court denied. This appeal ensued.

■■■ Pursuant to the Remonstrators' request, the trial court entered findings of fact and conclusions of law. Where a trial court has made special findings pursuant to a party's request under Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998). Before affirming a legal theory supported by the findings but not espoused by the trial court, the appellate court should be confident that its affirmance is consistent with all of the trial court's findings of fact

and the inferences reasonably drawn from the findings. *Id.* at 924. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research*, 675 N.E.2d 704, 707 (Ind.Ct.App. 1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

I.

### *The Annexations*

The City argues that the trial court erred by granting the remonstrance petitions and denying the annexations. The annexation of land by municipalities is governed by IND. CODE §§ 36–4–3–1 to 36–4–3–22 (1993 & Supp.1995). Generally, the annexation process formally begins when a municipality adopts an ordinance annexing territory pursuant to either IC 36–4–3–3 or IC 36–4–3–4. *See Deaton v. City of Greenwood*, 582 N.E.2d 882, 884–85 (Ind.Ct.App.1991) (holding that sections three and four of IC 36–4–3 are alternative methods of annexation). Here, the City has attempted to utilize IC 36–4–3– 4.[1] IC 36–4–3–4(f) requires that the annexation ordinances assign annexed territory to a councilmanic district. The trial court correctly found that the City did not make these assignments in its annexation ordinances. Based upon this finding, the trial court granted the remonstrance petitions and denied the annexations, concluding that the City's failure to assign the territory to councilmanic districts in the annexation ordi-

---

**1.** IC 36–4–3–3 requires the annexation ordinance to "define the corporate boundaries of the municipality." *See Deaton,* 582 N.E.2d at 884.

Since the City did not do this in their ordinances, we presume they attempted to utilize IC 36–4–3– 4.

nances required, as a matter of law, that the annexations be denied.

The City argues that its failure to comply with IC 36–4–3–4(f) is not fatal to the annexations. First, the City contends that a statute addressing municipal legislative body districting relieves the City of its obligation to make the district assignment in the annexation ordinance. Our purpose in construing a statute is to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.*, 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted on transfer*, 608 N.E.2d 699 (Ind.1993). When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura*, 465 N.E.2d 215, 218 (Ind.Ct. App.1984), *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth*, 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.*

IND.CODE § 36–4–6–3 requires second class cities, of which the City is one, to adopt an ordinance to divide the city into six councilmanic districts. The statute mandates how and when a city must perform this districting. Furthermore, the statute makes provision for instances where a city has failed to include a portion of the municipality in a district. Subsection (j) of IC 36–4–6–3 provides: "If any territory in the city is not included in one (1) of the districts established under this section, the territory is included in the district that: (1) is contiguous to that territory; and (2) contains the least population of all districts contiguous to that territory."

Because subsection (j) will place unassigned, annexed territory in a councilmanic district, the City argues that subsection (j) abrogates the requirement that the City make a district assignment in the annexation ordinance. We disagree. Initially, we observe that if the General Assembly had wished to eliminate this requirement, it could have repealed IC 36–4–3–4(f). It has not done so. Notwithstanding this fact, we do not believe the legislature intended to affect this statute when it enacted subsection (j) of IC 36–4–6–3.

Subsection (j) was enacted in 1993 along with other amendments to IC 36–4–6–3. *See* P.L. 3–1993, § 265, 1993 Ind. Acts 1264–66. In addition to subsection (j), the General Assembly created subsection (k), which provides:

(k) If any territory in the city is included in more than one (1) of the districts established under this section, the territory is included in the district that:

(1) is one (1) of the districts in which the territory is described in the ordinance adopted under this section;

(2) is contiguous to that territory; and

(3) contains the least population of all districts contiguous to that territory.

*Id.* at 1265. Reading subsections (j) and (k) together and in the context of IC 36–4–6–3 as a whole, it is apparent that these provisions were enacted to address situations where, in a comprehensive redistricting of the city, territory has been either included in more than one district or not included in any district. Thus, subsection (j) was not enacted for the specific purpose of placing unassigned, annexed territory into a district, and it cannot be said that it relieves a city of the obligation to assign territory itself in an annexation ordinance.

Second, the City argues that this court should construe the language of IC 36–4–3–4(f) as directory rather than mandatory. IC 36–4–3–4(f) provides: "An [annexation ordinance] *must* assign the territory annexed by the ordinance to at least (1) municipal legislative body district." (emphasis added). Despite the use of the mandatory word "must," the City urges us to construe the statute as directory in order to avoid an absurd result.

■ Mandatory terms may be considered directory when it is clear from the context or the purpose of a statute that the legislature intended a different meaning. *United Rural Elec. Membership Corp. v. Indiana & Michigan Elec. Co.*, 549 N.E.2d 1019, 1022 (Ind. 1990), *reh. denied.* "The meaning and intention of the legislature are to be ascertained not only from the phraseology of the statute but also by considering its design, its nature and the consequences that flow from the various interpretations." *Id.* (quoting *Allen County Dep't of Public Welfare v. Ball Memorial Hosp. Ass'n, Inc.*, 253 Ind. 179, 252 N.E.2d 424, 427 (1969)).

■ The City argues that the legislative intent of IC 36–4–3–4(f) is to ensure that annexed territory is included within a councilmanic district so that the residents of the district are not denied representation. Furthermore, since IC 36–4–6–3(j) ensures that annexed territory will be placed in a councilmanic district, the City argues that it is absurd to deny an annexation based upon a city's failure to make the assignment in the ordinance. The City's argument ignores the benefit that residents of annexed territory might derive from having knowledge of the councilmanic district to which the territory will be assigned. The representation that the property owners might expect on the city council may affect their support for the annexation, thereby affecting their decision whether to participate in a remonstrance.[2] Accordingly, we refuse to construe the language of IC 36–4–3–4(f) as merely directory.

Next, the City argues that instead of denying the annexation, the trial court should have construed the ordinance as having actually assigned the territory to a district, the district provided by IC 36–4–6–3(j). The City relies on *Woerner v. City of Indianapolis*, 242 Ind. 253, 177 N.E.2d 34 (1961), *reh. denied, cert. denied*, 368 U.S. 989, 82 S.Ct.

605, 7 L.Ed.2d 526 (1962). The supreme court held in *Woerner* that the courts may provide minor omissions or make minor substitutions in acts or ordinances where:

(1) such action is necessary in order to give vitality to or prevent absolute absurdity in the acts of the legislature; (2) an omission has occurred or a correction is necessary because of a clerical or typographical error; (3) the legislation, as enacted, was obviously not within the comprehension of the legislative body, and (4) the legislative intention, with respect to the enactment, is clear.

*Id.* at 38. We are unable to conclude that the City's failure to assign the annexed territory to a councilmanic district was a clerical or typographical error, nor can we conclude that the City's refusal to make such an assignment was not within its contemplation. Thus, the rule enunciated in *Woerner* does not apply to the present case.

Finally, the City argues that requiring a city to assign territory to a district at the time it passes an annexation ordinance places the city in an absurd situation. The City contends that such a requirement also requires it to redistrict the entire city at or around the same time and that this process could be thrown into chaos by a remonstrance. The City suggests that IC 36–4–3–4(f) should be interpreted to require a district assignment only after the annexation process is complete, not at the time the annexation ordinance is adopted.

The City is not required to redistrict the entire municipality at the time it adopts an annexation ordinance. Rather, IC 36–4–3–4(f) requires only that the territory, which the annexation ordinance proposes to be annexed, be assigned to a district by the ordinance. IC 36–4–6–3(g) requires the City to redistrict "when required to assign annexed territory to a district," but it does not require

---

2. We recognize that the benefit property owners receive from being assigned to a councilmanic district in the annexation ordinance might be slight. IC 36–4–6–3(g) requires the entire city to be redistricted "when required to assign annexed territory to a district." In order to comply with the requirement that councilmanic districts contain equal population, "as nearly as possible," *see* IC 36–4–6–3(b)(4), cities will frequently have to redistrict following an annexation. Therefore, annexed territory might be assigned to a different district, following this redistricting, than the one to which it was assigned in the annexation ordinance. Despite this possibility, we are unwilling to say that the General Assembly has conferred no benefit on property owners by requiring that a district assignment be made in the annexation ordinance.

that the redistricting take place when the annexation ordinance is adopted. When the annexation ordinance becomes effective, after the period for remonstrance has passed or any remonstrances have been resolved, *see* IC 36–4–3–7, the City must then, and only then, redistrict as required by IC 36–4–6–3. Thus, the City's concern that the statutory scheme leads to an absurd result is unfounded. The trial court did not err by granting the Remonstrators' petitions and denying the annexations.

## II.

### *Standing*

The City contends that the Remonstrators lack standing to challenge the City's failure to assign the annexed territory to councilmanic districts. The power of annexation is fundamentally legislative, and the judicial role in annexation cases is limited to that prescribed by statute. *City of Hobart v. Carter,* 644 N.E.2d 898, 900 (Ind.Ct.App. 1994). IC 36–4–3–11 allows landowners to appeal a proposed annexation by filing a petition containing a specified number of signatures. The petition must contain a copy of the annexation ordinance and state the reason why the annexation should not take place. IC 36–4–3–11(a). Upon verifying that the remonstrance contains a sufficient number of signatures, the trial court must order a hearing on the remonstrance petition. IC 36–4–3–11(c). At that hearing, the municipality has the burden of proving its compliance with the annexation statute. *Hobart,* 644 N.E.2d at 900.

The City argues that it is not required to prove that it complied with IC 36–4–3–4(f) at the remonstrance hearing. IC 36–4–3–13 provides that the trial court shall order the annexation to take place if certain conditions are met. The requirement that an ordinance assign territory to a councilmanic district is not one of the conditions set forth in IC 36–4–3–13. Thus, the City concludes that it is not required to prove its compliance with IC 36–4–3–4(f). Furthermore, the City argues that because it need not prove its compliance with this statute in order to sustain its burden, the issue may not be raised in a petition for remonstrance. We disagree.

Remonstrance is the exclusive manner for landowners to obtain relief from annexation proceedings. *Deaton,* 582 N.E.2d at 885. Accordingly, if we were to accept the City's argument, the Remonstrators would have no means of challenging the City's failure to assign the annexed territory to a councilmanic district in the ordinances. Furthermore, the City's taxpayers would also lack standing to bring a declaratory judgment suit, since the taxpayers are not individuals being deprived of representation or information regarding that representation. *See Deaton,* 582 N.E.2d at 886. Therefore, under the City's argument, a municipality could not be forced to comply with the mandate of IC 36–4–3–4(f).

IC 36–4–3–11 provides that a remonstrance petition "must state the reason why the annexation should not take place." The statute does not specify or limit the reasons that may be given. Here, the City's ordinance did not comply with IC 36–4–3–4(f). The Remonstrators are not prohibited from raising this issue in their remonstrance petition.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.