**MADISON COUNTY BOARD OF COMMISSIONERS and Madison County Auditor, Appellants–Defendants/Counterclaim Plaintiffs,**

v.

**TOWN OF INGALLS, Appellee–Plaintiff/Counterclaim Defendant.**

No. 48A02–0805–CV–439.

Court of Appeals of Indiana.

Decided March 19, 2009.

Publication Ordered April 24, 2009.

Transfer Denied July 29, 2009.

James W. Wilson, Jeffrey K. Graham, Bingham Farrer & Wilson, PC, Attorneys for Appellant.

Randall V. Sorrell, Sorrell & Hamilton, Fortville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants/Counterclaim Plaintiffs, Madison County Board of Commissioners and Madison County Auditor (collectively "Madison County"), appeal the trial court's grant of summary judgment to the Appellee–Plaintiff/Counterclaim Defendant, Town of Ingalls, on Madison County's counterclaims.[1]

We affirm.

### ISSUE

Madison County raises one issue on appeal, which we restate as: Whether the trial court erred when it determined that Madison County could not challenge the acts of annexation by the Town of Ingalls.

### FACTS AND PROCEDURAL HISTORY

On June 6, 2000, Madison County approved the Summerbrook Planned Unit Development (Summerbrook), which was to be developed by D.B. Mann Development, Inc. (D.B.Mann). Summerbrook was to be located in an unincorporated area of Madison County, Indiana. Per the County's approval, D.B. Mann was to pay fire service fees of up to $400,000 to Green Township at the time that Summerbrook underwent secondary review.[2] On Decem-

1. Madison County filed a motion to dismiss D.B. Mann as a party from this appeal and strike its Appellee's Brief. The trial court determined that D.B. Mann lacked standing to defend the Town of Ingalls from Madison County's counterclaims, and we agree. Therefore, we grant Madison County's motion to dismiss D.B. Mann as a party from this appeal and we strike D.B. Mann's brief. However, we note that the Town of Ingalls' brief and the brief filed by D.B. Mann are nearly identical from the table of contents to conclusion. So, although D.B. Mann's brief has now been stricken from the record, the exact same arguments remain for our consideration in the form of the Town of Ingalls' brief.

2. The Town of Ingalls states in its Appellee's Brief, and Madison County has maintained throughout, that D.B. Mann was to pay fire service fees to "Madison County." (Appellee's Br. p. 2). Our review of the June 6, 2000 Ordinance reveals that "Developer shall pay to Green Township a fire service fee of $1,000/acre at the time of Secondary Review

ber 5, 2005, and March 27, 2006, the Town of Ingalls passed ordinances which together commenced the process of annexing Summerbrook by annexing strips of land leading from the Town of Ingalls to Summerbrook. On October 12, 2006, the Town of Ingalls filed a Complaint seeking a declaration "as to whom is entitled to receive the fire service fee." (Appellant's App. p. 14). The Complaint named Madison County and D.B. Mann as defendants, among others. On January 8, 2007, the Town of Ingalls annexed Summerbrook by ordinance. On January 17, 2007, Madison County filed a Counter Claim and Cross Complaint requesting a declaration that the first two ordinances passed by the Town of Ingalls were illegal and void, and the third ordinance which annexed Summerbrook was therefore invalid because without the two prior annexations, Summerbrook was not contiguous to the Town of Ingalls. The Town of Ingalls did not file any answer to Madison County's Cross Complaint.

On April 25, 2007, D.B. Mann filed a motion for partial summary judgment contending that Madison County did not have standing to challenge the ordinances of the Town of Ingalls and that Madison County's challenge to the first two ordinances were barred by a statute of limitations. On May 31, 2007, the Town of Ingalls filed a motion for partial summary judgment relying upon the same contentions made by D.B. Mann in its motion for partial summary judgment. On June 25, 2007, Madison County filed a motion for summary judgment, but made no specific arguments, simply stating that as "there is no genuine issue as to any material fact," Madison County is entitled to judgment as a matter of law. (Appellant's App. p. 35).

The trial court found it was undisputed that: (1) "Madison County owns no land in any of the three annexation territories"; (2) "Madison County owns no land within one-half mile of any of the three annexation territories"; (3) "Madison County has no other interest that can be used as a basis for challenging annexation." (Appellant's App. pp. 8–9). Based upon these findings, the trial court concluded that Madison County lacked standing to challenge any of the annexations by the Town of Ingalls, and therefore granted the Town of Ingalls summary judgment on all of Madison County's claims. The trial court also concluded that D.B. Mann lacked standing to defend the Town of Ingalls's annexations, and, therefore, denied D.B. Mann's motion for summary judgment.

Madison County moved for the trial court to certify the grant of partial summary judgment to the Town of Ingalls, but the trial court refused. On April 22, 2008, the Town of Ingalls and Madison County came to an agreement on the sole remaining issue, which was approved by the trial court, determining that the fire service fees would be paid to the Town of Ingalls "unless and until this court's Order of November 1, 2007, is overturned by either the Indiana Court of Appeals or the Indiana Supreme Court." (Appellant's App. p. 2).

Madison County now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

The purpose of summary judgment is to terminate litigation where there is no factual dispute and which may be determined as a matter of law. Ind. Trial Rule 56(C);

... up to a total of $400,000." (Appellant's App. p. 48). We have not been asked to determine whether paying the fees to Green Township is essentially the same as paying Madison County.

*Fowler v. Brewer,* 773 N.E.2d 858, 861 (Ind.Ct.App.2002), *trans. denied.* The moving party must make a *prima facie* showing that there are no genuine issues of material fact. *Id.* If the moving party meets this burden, the responding party must set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Fowler,* 773 N.E.2d at 861. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidence designated to the trial court. *Fowler,* 773 N.E.2d at 861. Where, as here, a trial court has made specific findings and conclusions thereon when ruling on a motion for summary judgment, we are not bound by those findings and conclusions, but they aid our review by providing us with a statement of the reasons for the trial court's actions. *Hickman v. State,* 895 N.E.2d 353, 356 (Ind.Ct.App.2008), *clarified on reh'g.* When reviewing the grant or denial of summary judgment, our standard of review is *de novo.* *Univ. of S. Indiana Found. v. Baker,* 843 N.E.2d 528, 531 (Ind. 2006).

## II. *Standing*

■ Madison County contends that the trial court erred when it determined that it lacked standing to challenge the Town of Ingalls' acts of annexation. Specifically, Madison County argues that it has been aggrieved or adversely affected by the annexations because the annexations interfere with Madison County's ability to properly tax. The Town of Ingalls responds by contending that any challenge to an annexation is specifically controlled by statute, and Madison County does not satisfy the statutory requirements for remonstrance.

■ Whether a party has standing is a question purely of law. *Common Council of Michigan City v. Board of Zoning Appeals of Michigan City,* 881 N.E.2d 1012, 1014 (Ind.Ct.App.2008). As such, the question of whether Madison County has standing was appropriately addressed at the summary judgment stage.

■ "Indiana's annexation laws have evolved over time, but the object of annexation has remained the same: 'to permit annexation of adjacent urban property.' " *City of Carmel v. Certain Southwest Clay Tp. Annexation Territory Landowners,* 868 N.E.2d 793, 796 (Ind.2007) (quoting *Rogers v. Mun. City of Elkhart,* 688 N.E.2d 1238, 1242 (Ind.1997)). The statutory framework consists of three stages: (1) legislative adoption of an ordinance annexing of certain territory and pledging to deliver certain services within a fixed period; (2) an opportunity for remonstrance by affected landowners; and (3) judicial review. *City of Hobart v. Chidester,* 596 N.E.2d 1374, 1375 (Ind.1992). "Annexation is a legislative function and becomes a question subject to judicial cognizance only upon review as provided by statute." *Id.* at 1376. A court is not authorized to act unless a remonstrance is filed. *Id.*

Indiana Code [s]ection 36–4–3–11 allows for remonstrance following a municipality's adoption of an annexation ordinance; the statute specifies that landowners in the annexed territory are permitted to bring a remonstrance and that it must be filed within ninety days of the publication of the annexation ordinance. Indiana Code [s]ection 36–4–3–15.5 permits owners of land within 1/2 mile of annexed territory to appeal the annexation by claiming that the annexed territory is not contiguous to the annexing municipality; the appeal must be filed within either thirty or sixty days of the ordinance's publication. Indiana Code [s]ection 36–4–3–16 allows property tax payers within the annexed territory to file a complaint against the annexing municipality if the municipality fails to implement the fiscal plan associated with

the annexation. Finally, Indiana Code [s]ection 36–4–3–17 allows property owners on the border of a municipality to file, with the works board of the municipality, a petition seeking disannexation. *Common Council of Michigan City*, 881 N.E.2d at 1016–17.

Madison County contends that there are valid policy reasons which justify a conclusion that it has standing to challenge the annexations. Further, Madison County argues that it is not seeking to remonstrate against the ordinances, but rather it is seeking to "assert its statutory duty to carry out its taxing duty . . . its duty to maintain county roads . . . and zoning schemes." (Appellant's Reply Br. p. 2). However, the sole means for challenging an annexation is remonstrance. *City of Hobart*, 596 N.E.2d at 1375. And, Madison County does not satisfy any of the requirements for standing to remonstrate against the acts of annexation. *See* I.C. §§ 36–4–3–11, 15.5, 16, and 17. As such, Madison County must work with the Town of Ingalls and affected property owners to work out an amiable solution for its problems, or seek a solution from our legislature that may or may not involve the crafting of a method for recourse to the courts. We conclude, Madison County does not have standing to seek our intervention in the Town of Ingalls' acts of annexation, nor do we have the authority to provide the relief which Madison County requests.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err when it granted summary judgment to the Town of Ingalls on Madison County's claims.

Affirmed.

DARDEN, J., and VAIDIK, J., concur.

## ORDER

On March 19, 2009, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. March 30, 2009, the Indiana Association of Cities and Towns ("IACT") and the Indiana Municipal Lawyers Association ("IMLA") filed a Verified Motion to Appear as Amicus Curiae and Motion to Publish. The IACT and IMLA request that this Court grant them amicus curiae status and grant their motion to publish this Court's March 19, 2009 opinion.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOW:

1. The Verified Motion to Appear as Amicus Curiae and Motion to Publish is GRANTED.

2. IACT and IMLA are granted leave to appear as amicus curiae in this case.

3. This Court's opinion handed down in this cause on March 19, 2009, marked Memorandum Decision, Not for Publication in now ORDERED PUBLISHED.

RILEY, J., DARDEN, J., concur and VAIDIK, J., votes to deny said motion.