# FOR PUBLICATION



**FILED**

Sep 10 2014, 9:07 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**THOMAS M. BEEMAN**
**KYLE B. DEHAVEN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**DEBRA A. MASTRIAN**
**LIBBY Y. GOODKNIGHT**
**CATHERINE E. SABATINE**
Krieg DeVault LLP
Indianapolis, Indiana

**ASHLEY HOPPER**
City of Anderson
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOWN OF LAPEL, INDIANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1403-PL-142 |
| | ) | |
| CITY OF ANDERSON, INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable J. Richard Campbell, Special Judge
Cause No. 48C06-1308-PL-119

**September 10, 2014**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

The Town of Lapel (Lapel) appeals the trial court's order granting summary judgment to the City of Anderson (Anderson). After Lapel annexed a parcel of real property located in Madison County, Anderson filed a declaratory judgment action seeking to have the annexation declared invalid and void. The general rule is that the only way to challenge an annexation is via a statutory remonstrance or statutory appeal. Anderson does not meet the criteria to be a remonstrator or a statutory appellant. There are limited exceptions to the general rule, providing that under certain circumstances, a complainant may bring a declaratory judgment action to challenge an annexation. We find that Anderson does not meet these exceptions and that, consequently, it does not have standing to challenge Lapel's annexation. Therefore, we reverse and remand with instructions to enter summary judgment in favor of Lapel.

## FACTS

Lapel and Anderson are both municipalities located in Madison County. Anderson recently developed "Anderson Fast Forward," a fiscal and land plan that includes a proposed annexation on the southwest side of Anderson (the Southwest Annexation). On March 14, 2013, however, the Anderson Common Council voted down the Southwest Annexation. Appellant's App. p. 42-43. The end result of that vote was that Anderson elected not to annex the Territory and, as put by Lapel, the vote "effectively kill[ed] the 'Southwest Annexation' if not 'Anderson Fast Forward' all together." Appellant's Br. p. 15.

2

On May 16, 2013, Lapel adopted an annexation ordinance (the Ordinance) annexing approximately fifty-seven acres (the Territory) along the I-69 corridor and declaring the Territory to be part of Lapel. The Territory is more than one mile beyond Anderson's corporate limits and only a very small percentage of the Territory is contiguous to Lapel. The Territory passes through the Southwest Annexation, so the annexation of the Territory precludes Anderson from pursuing the Southwest Annexation in the future.

On August 9, 2013, Anderson filed a complaint for declaratory judgment against Lapel, seeking, among other things, a declaratory judgment that (1) the Territory is not contiguous with the corporate boundaries of Lapel, (2) the Ordinance is null and void because it violated the Home Rule Act, and (3) that the Ordinance is invalid and unlawful. On November 18, 2013, Lapel moved for summary judgment, and on December 20, 2013, Anderson filed a cross-motion for summary judgment. Following a hearing, the trial court denied Lapel's summary judgment motion and granted Anderson's cross-motion for summary judgment on February 5, 2014. Lapel now appeals.

DISCUSSION AND DECISION

I. Standard of Review

The standard of review we apply when reviewing a trial court's order granting or denying summary judgment is well settled:

> [a] trial court should grant a motion for summary judgment only
> when the evidence shows that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a

3

matter of law. The trial court's grant of a motion for summary judgment comes to us cloaked with a presumption of validity.

An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. But a de novo standard of review applies where the dispute is one of law rather than fact. We examine only those materials designated to the trial court on the motion for summary judgment.

[Where] the trial court ma[kes] findings of fact and conclusions of law in support of its entry of summary judgment, . . . we are not bound by the trial court's findings and conclusions, [but] they aid our review by providing reasons for the trial court's decision. We must affirm the trial court's entry of summary judgment if it can be sustained on any theory or basis in the record.

Altevogt v. Brand, 963 N.E.2d 1146, 1150 (Ind. Ct. App. 2012) (internal citations and quotation marks omitted).

## II.  Anderson's Standing

Lapel argues on appeal that the trial court erred by granting summary judgment in Anderson's favor because Anderson did not have standing to bring a declaratory judgment claim against Lapel.  Whether a party has standing is a pure question of law that is ripe for resolution by summary judgment.  Common Council v. Board of Zoning Appeals, 881 N.E.2d 1012, 1014 (Ind. Ct. App. 2008).

### A.  Annexation Generally

Before we turn to standing, we must first consider the confines and purpose of annexation.  Annexation is a legal process whereby a municipality incorporates additional

4

territory into its corporate boundaries. The statutory framework for annexation "consists of three stages: (1) legislative adoption of an ordinance annexing of certain territory and pledging to deliver certain services within a fixed period; (2) an opportunity for remonstrance by affected landowners; and (3) judicial review." Madison County Bd. of Comm'rs v. Town of Ingalls, 905 N.E.2d 1022, 1025 (Ind. Ct. App. 2009). Our Supreme Court has cautioned that "[a]nnexation is a legislative function and becomes a question subject to judicial cognizance only upon review as provided by statute." City of Hobart v. Chidester, 596 N.E.2d 1374, 1375 (Ind. 1992) (emphasis added).

There are three types of annexations: voluntary, involuntary, and super-voluntary. Ind. Code §§ 36-4-3-4, -5, -5.1. Lapel's annexation of the Territory was super-voluntary, meaning that 100% of the landowners in the Territory sought to be annexed and initiated the petition for annexation. I.C. 36-4-3-5.1(a).

### B. Statutory Remonstrance and Appeal

As a general rule, a remonstrance is the exclusive means available for challenging an annexation proceeding. City of Boonville v. Am. Cold Storage, 950 N.E.2d 764, 769 (Ind. Ct. App. 2011). Indiana Code section 36-4-3-5.1(i) provides, however, that a remonstrance may not be filed in response to a super-voluntary annexation. Instead, the statute in place at the time the Ordinance was enacted provides that the sole way in which judicial relief may be sought following an annexation is an appeal that can only be filed

5

by a landowner whose property is located within one-half mile of the annexed property. I.C. § 36-4-3-15.5.[1]

Anderson concedes that it did not and could not have filed a remonstrance or an appeal pursuant to the annexation statutes. With no statutory recourse, therefore, Anderson turned to a declaratory judgment as the vehicle for its sought-after relief.

### C. Declaratory Judgment

Lapel argues that the trial court erroneously found that Anderson had standing to seek relief via a declaratory judgment. The Indiana Declaratory Judgment Act provides that any person, including a municipality, "whose rights, status, or other legal relations are affected by a . . . municipal ordinance" may seek a declaratory judgment regarding the ordinance. Ind. Code § 34-14-1-2.

As noted earlier, in the realm of annexation law, it has always been the case that as a general rule, remonstrance is the only remedy for challenging an annexation. Boonville, 950 N.E.2d at 769. Historically, however, Indiana courts have carved out a number of exceptions to the general rule, providing that under certain circumstances, a challenge may be filed via a declaratory judgment action. E.g., Langbehn v. Town of Merrillville, 413 N.E.2d 680 (Ind. Ct. App. 1980); Reafsnyder v. City of Warsaw, 155

---

[1] Following this litigation, the General Assembly amended this statute. It now provides that, in addition to a landowner within one-half mile of the annexed territory, a municipality located in the same county as the territory proposed to be annexed may file an appeal. I.C. § 36-4-3-15.1(a). The amended statute has an effective date of March 27, 2014, however, and all parties agree that it does not govern the instant appeal. As an aside, we note that the legislature's decision to amend the statute immediately following this litigation suggests that the General Assembly acknowledged the absence of a remedy available to municipalities in situations such as Anderson found itself herein. If such a remedy had existed, there would have been no need for the legislative amendment. That remedy now exists, but is of no help to Anderson in this case.

6

Ind. App. 455, 293 N.E.2d 540 (Ind. Ct. App. 1973). The <u>Boonville</u> Court observes that "[d]eclaratory judgment actions are for the most part available only to taxpayers of the annexing city." 950 N.E.2d at 769.

In <u>Bradley v. City of New Castle</u>, our Supreme Court construed judicial review of annexation proceedings very narrowly. 764 N.E.2d 212 (Ind. 2002). As explained by a panel of this Court, the <u>Bradley</u> Court

> found that the only judicial review of annexation provided by statute is found in Indiana Code sections 36-4-3-11 through 13. Accordingly, our [S]upreme [C]ourt determined that judicial review of annexation should not extend beyond the confines of Sections 11 through 13 dealing with remonstrances. The court recognized exceptions to this rule where "plausible claims of fraud or discrimination are established" or where the annexing municipality commits procedural wrongs so severe that remonstrators' substantial rights are violated.

<u>In re Annexation Proposed by Ordinance No. X 01 95</u>, 774 N.E.2d 58, 64 (Ind. Ct. App. 2002) (quoting <u>Bradley</u>, internal citations omitted) (hereinafter referred to as <u>In re Annexation</u>). In <u>In re Annexation</u>, the remonstrators argued that <u>Bradley</u> did not apply to their case because <u>Bradley</u> only involved an appeal from a remonstrance action, whereas <u>In Re Annexation</u> involved an appeal from a denial of declaratory relief. <u>Id.</u> at 64. This Court disagreed:

> in <u>Bradley</u>, our [S]upreme [C]ourt made very clear that absent fraud, discrimination, or impairment of the remonstrator's substantive rights, judicial review shall not extend beyond the confines of Sections 11 through 13. Determination of whether the Remonstrators are entitled to declaratory relief would necessarily entail the very review that our [S]upreme [C]ourt has expressly prohibited.

7

Id. at 65 (internal citation omitted). Another panel of this Court has likewise found that Bradley prohibits landowners from seeking declaratory relief from an annexation absent fraud, discrimination, or impairment of substantive rights. Boonville, 950 N.E.2d at 769-70.

Also instructive to the matters at issue in this appeal is this Court's opinion in Madison County Board of Commissioners v. Town of Ingalls, 905 N.E.2d 1022 (Ind. Ct. App. 2009), trans. denied. In that case, the town of Ingalls passed three ordinances that annexed strips of land from a Madison County planned unit development. Madison County filed a declaratory judgment action, arguing, essentially, that the annexation was invalid because the annexed territory was not contiguous to the town. Id. at 1024. The trial court found that Madison County lacked standing, and the county appealed, arguing that it was adversely affected because the annexations interfered with the county's ability to tax. Id. at 1025. This Court disagreed: "[a] court is not authorized to act unless a remonstrance is filed. . . . [T]he sole means for challenging an annexation is remonstrance. And Madison County does not satisfy any of the requirements for standing to remonstrate against the acts of annexation." Id. at 1025-26 (internal citations omitted). Consequently, the Ingalls Court found that Madison County lacked standing to bring a declaratory judgment action and affirmed the trial court's judgment. Id. at 1026.

Reading Bradley, In re Annexation, Boonville, and Town of Ingalls together, it is apparent that the general rule still applies: the sole means for challenging an annexation is a statutorily-based remonstrance. And the only exceptions to that rule—the only time

8

in which a complainant has standing to bring a declaratory judgment action—are those set forth in Bradley: fraud, discrimination, or wrongs so severe that the complainant's substantial rights have been violated. See City of Greenwood v. Town of Bargersville, 930 N.E.2d 58, 66-67 (Ind. Ct. App. 2010) (holding that city had standing to bring a declaratory judgment action where its substantial rights had been violated because annexed territory was within its three-mile buffer zone and it contended that it had not been afforded its statutory right to consent to the annexation).

In this case, Anderson does not argue that there was fraud or discrimination involved in the annexation. The only possible way in which it could have standing to bring a declaratory judgment action, therefore, is if it can establish that its substantial rights have been violated. The record reveals that the Territory is not within Anderson's one-mile buffer zone, and as a result, Anderson did not have a statutory right to consent to the annexation. I.C. § 36-4-3-9. The record further reveals that months before Lapel's annexation, Anderson had considered annexing the Territory, but it chose not to. Anderson argues that it is possible, in the future, that it may change its mind. But we cannot find that a purely speculative future interest in the property serves to show that Anderson's substantial rights have been violated. Were we to so hold, it would essentially give Anderson a sole right to the Territory in perpetuity, even though it has taken no legal action to claim the Territory as its own. Under these circumstances, we do not find that the annexation harmed Anderson's substantial rights.

Anderson also directs our attention to the Home Rule Act, arguing that it has a right to seek redress under this statutory scheme. See Ind. Code § 36-1-3-1 et seq. Specifically, Anderson argues that the annexation violates the Home Rule Act because the Territory is not contiguous to Lapel as required by statute. While we do not necessarily disagree with Anderson on the contiguity of the Territory, the Home Rule Act does not afford a distinct cause of action to redress wrongs committed thereunder. Instead, a complainant must either file a remonstrance, a statutory appeal, or meet the exceptions listed above to qualify as a plaintiff in a declaratory judgment action. As we have already found that these options are foreclosed to Anderson, it has no standing to complain regarding alleged violations of the Home Rule Act.

Anderson does not have standing to seek the requested-for relief. Consequently, the trial court erred as a matter of law by granting summary judgment in favor of Anderson and denying Lapel's cross-motion for summary judgment.

The judgment of the trial court is reversed and remanded with instructions to enter summary judgment in Lapel's favor.

KIRSCH, J., and ROBB, J., concur.